Sherpa v. Lynch

BIA
Vomacka, IJ
A089 198 143

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of August, two thousand fifteen.

PRESENT:
>    ROSEMARY S. POOLER,
>    BARRINGTON D. PARKER,
>    DEBRA ANN LIVINGSTON,
>        *Circuit Judges.*

_____

DAKI SHERPA,
>        *Petitioner,*

>        v.                                    13-1304
>                                              NAC
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,<sup>*</sup>
>        *Respondent.*

_____

FOR PETITIONER:          Julie Mullaney, Mount Kisco, NY.

---

<sup>*</sup>Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr., as the Respondent in this case.

**FOR RESPONDENT:** Stuart F. Delery, Assistant Attorney General; Terri J. Scadron, Assistant Director; Aaron D. Nelson, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Daki Sherpa, a native and citizen of Nepal, seeks review of a March 21, 2013, decision of the BIA affirming an Immigration Judge's ("IJ") January 6, 2011, denial of asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Daki Sherpa*, No. A089 198 143 (B.I.A. Mar. 21, 2013), *aff'g* No. A089 198 143 (Immig. Ct. N.Y. City Jan. 6, 2011). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Because the BIA did not affirm the IJ's adverse credibility finding, we review the IJ's decision as modified and supplemented by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See*

2

8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

As the government argues, Sherpa failed to exhaust her claim of past persecution, her eligibility for CAT relief, and her assertion of a "pattern or practice" of persecution by Maoists in Nepal. Nor does she adequately raise her past persecution or CAT claims in her brief. Therefore, our review is limited to Sherpa's claim that she has a well-founded fear of future persecution by Maoists. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 124 (2d Cir. 2007); *Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006).

Sherpa may establish a well-founded fear of future persecution by showing that she will be singled out for persecution. 8 C.F.R. § 1208.13(b)(2)(C)(iii) (asylum). To meet her burden, Sherpa must show a subjective fear of future persecution and that her fear is objectively reasonable. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004).

Substantial evidence supports the agency's ruling that Sherpa did not establish an objectively reasonable fear of future persecution because she was not harmed while she lived in Nepal and her husband has remained unharmed for

3

nine years.  Sherpa acknowledges in her brief that her family has not been harmed.  The ability of similarly situated family members to avoid harm over a significant time period "cuts against" a finding of a well-founded fear. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999).  Sherpa's testimony established that the Maoists had sought to recruit both her and her husband.  Thus, she and her husband were similarly situated and his lack of harm in Nepal was a proper factor for the agency to consider in determining that she did not establish an objectively reasonable fear of future persecution.  *Id.*

Sherpa also argues that the BIA failed to consider country reports, which established that Maoists regularly persecute their enemies.  We presume that the agency "has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006).  Sherpa has not cited to any specific country conditions evidence to support her allegations.  Moreover, even if the country reports contain the information Sherpa attributes to them, they do not undermine the agency's ruling.  Because Sherpa's claim of future persecution is premised on being singled out for persecution--as opposed to

4

a pattern or practice of persecution--the Maoists' general persecution of their "enemies" does not establish that Sherpa, individually, will be targeted in the future for harm rising to the level of persecution.

Given Sherpa's failure to show a well-founded fear of persecution as needed for asylum, she was necessarily unable to meet the higher standard for withholding of removal. *See Lecaj v. Holder*, 616 F.3d 111, 119-20 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk